ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 6 2004
U.S. COURT OF FEDERAL CLAIMS

No. 03-2164 T

(Judge Mary Ellen Coster Williams)

JADE TRADING, LLC, by and through ROBERT W. ERVIN and LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner,
Plaintiffs

v.

THE UNITED STATES,
Defendant

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF UNDER RCFC 56(f) WITH RESPECT TO PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

Defendant, the United States, respectfully replies to plaintiffs' opposition to the Government's motion under RCFC 56(f) either to refuse plaintiffs' three separate motions for partial summary judgment that plaintiffs had served on December 18, 2003, or to allow defendant adequate time to conduct discovery before responding to plaintiffs' motions.

1. Plaintiffs oppose defendant's Rule 56(f) motion with respect to plaintiffs' first motion for partial summary judgment in which plaintiffs asked this Court to invalidate Treas. Reg. § 1.701-2 in its entirety. (Pl. Opp. 10-21.) Plaintiffs have failed to respond to, much less rebut, defendant's argument (Def. Mo. 15-17) that this Court has authority to, and should, refuse, without prejudice, plaintiffs' first motion for partial summary judgment on the basis of a body of



13

case law, cited in the Government's brief, supporting the principle that courts are allowed to decline to rule on issues of law at an early stage of the proceeding where there is some basis for thinking that after full development of the facts and resolution of other legal issues the issue of law presented in the motion might turn out to be moot. The Government's argument is particularly appropriate in this case since, at this early stage before the Government has had any opportunity to engage in discovery to discover the parties and transactions involved, defendant has not decided whether it will rely on Treas. Reg. § 1.701-2. Should the Government base its defense or the Court base its opinion on one or more judicial doctrines under which courts have denied certain tax-motivated transactions their intended tax benefits,[1/] any decision on the

---

[1/] The *sham transaction doctrine* applies both when a purported activity giving rise to claimed tax benefits does not in fact occur (*Knetsch v. United States*, 364 U.S. 361 (1960) (disallowing deductions for prepaid interest on a nonrecourse, riskless loan used to purchase deferred-annuity savings bonds), and also when a factually actual transaction is entered into to generate a loss for the taxpayer, and the taxpayer's risk with respect to the transaction has been eliminated through a guarantee by a broker, the transaction may be found to be a sham (*Yosha v. Commissioner*, 861 F.2d 494 (7th Cir. 1988) (holding options straddles to be shams because the broker insured the clients against market risk).

Under the *economic substance doctrine*, courts generally will deny claimed tax benefits if the transaction, which actually occurred and which gives rise to the claimed tax benefits, lacks economic substance independent of tax considerations. The doctrine suggests a balancing of risks and profit potential as compared to the tax benefits in order to determine whether the transactions had "purpose, substance or utility apart from their anticipated tax consequences." *Goldstein v. Commissioner*, 364 F.2d 734, 740 (2nd Cir. 1966). *ACM Partnership v. Commissioner*, 157 F.3d 231 (3rd Cir. 1998), *aff'g* 73 T.C.M. (CCH) 2189 (1997), *cert. denied* 526 U.S. 1017 (1999). *ASA Investerings Partnership v. Commissioner*, 765 T.C.M. (CCH) 325 (1988), *aff'd*, 201 F.3d 505 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 871 (2000). The seminal case involving this doctrine was *Gregory v. Helvering*, 293 U.S. 465 (1935).

The principle underlying the *substance over form doctrine* is that the tax results of an arrangement are better determined when based on the substance rather than the formal steps by which the arrangement was undertaken. *Minnesota Tea Co. v. Helvering*, 302 U.S. 609 (1938).

(continued...)

validity of Treas. Reg. § 1.701-2 would be mere dicta.[2] Until defendant develops the facts (most of which are convoluted transactions) involved in this case, defendant's counsel cannot determine whether to rely on judicial doctrines, Treas. Reg. § 1.701-2, or both.

2. Plaintiffs oppose defendant's Rule 56(f) motion with respect to plaintiffs' second motion for partial summary judgment. In that motion plaintiffs ask this Court to grant partial summary judgment recognizing that Jade Trading, LLC is a partnership under Code § 761, and rejecting the sham contention in the FPAA. (Pl. Opp. 22-25.) In support of its Rule 56(f) motion, defendant argued that it needs an opportunity to conduct discovery to find out "whether, all facts considered, the parties intended to join together as partners to conduct business activity for a purpose other than tax avoidance." (Def. Mo. 17-18, citing *Andantech L.L.C. v. Commissioner*, 331 F.3d 972, 978 (D.C. Cir. 2003).)[3] Defendant properly supported its Rule

---

[1](...continued)

The *step transaction doctrine*, an extension of the *substance over form doctrine*, "treats a series of steps as a single transaction if such steps are in substance integrated, interdependent, and focused toward a particular result." *Penrod v. Commissioner*, 88 T.C. 1415, 1428 (1987).

[2] Instead of responding to defendant's argument, plaintiffs assert RCFC 56(c) requires this Court to issue judgment "forthwith" on its first summary judgment on the ground that whether any Treasury Regulation is valid presents a pure issue of law as to which there cannot be any genuine issue as to any material fact. (Pl. Opp. 9-11.) Plaintiffs' argument simply misses defendant's point, and should be ignored as irrelevant.

[3] Plaintiffs appear to cite (Pl. Opp. 24) *Transpac Drilling Venture v. United States*, 83 F.3d 1410, 1414 (Fed. Cir. 1996) for the proposition that a partnership for tax purposes can exist in the absence of an intent to make money other than through tax avoidance. Plaintiffs misconstrue *Transpac*. The Federal Circuit affirmed the trial court's decision that the Transpac partner who filed a petition for readjustment of partnership items with respect to Transpac, which was established and used for criminal purposes, would not be permitted to avoid the assessment of tax and penalties by disavowing Transpac's partnership status. This is in keeping with the *substance over form doctrine* under which the IRS has authority to recharacterize a transaction according to its underlying substance, but the taxpayer is bound to abide the legal form he chose.

(continued...)

56(f) motion with a declaration by William K. Drew in which he set forth a list of facts relevant to determining whether an entity constituted a partnership for substantive federal income tax purposes, and explained that defendant has had no opportunity, in the context of litigating this case, to investigate and determine what those facts are. (*See* ¶¶ 12-15 of Declaration of William K. Drew, Def. Mo. 22, 24-26.) Nevertheless, in its opposition to defendant's Rule 56(f) motion with respect to plaintiffs' second motion for partial summary judgment (Pl. Opp. 24), plaintiffs appear to argue that defendant is not entitled to Rule 56(f) relief on the ground that defendant has "effectively" admitted all facts relevant to this issue. Plaintiffs' contention that defendant admitted all facts pertaining to plaintiffs' second motion for partial summary judgment is wholly specious. Clearly, defendant did not admit that the allegations contained in subparagraph "be." of ¶ 15 of the complaint are true.[4/] In response to the allegations in that subparagraph, defendant wrote in its answer: " Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations." That is no admission. Rather, it "has the effect of a denial." RCFC 8(b).

3. Plaintiffs oppose defendant's Rule 56(f) motion with respect to plaintiffs' third motion

---

[3/](...continued)
*See Commissioner v. National Alfalfa Dehydrating & Mill & Co.*, 417 U.S. 134, 149 (1974).

[4/] Subparagraph "be." of ¶ 15 of the complaint states:

> The partnership was formed for the express purpose of making money from trading. Neither Robert nor his brothers would have participated but for the opportunity to make money and diversify their investment position through trading. The partnership was not formed or availed of in connection with a transaction a principal purpose of which is to reduce substantially the present value of the partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K.

for partial summary judgment in plaintiffs' favor "holding that the two Eurodollar options constitute 'Section 988 Transactions' that cannot be offset." (Pl. Opp. 25-28.) Plaintiffs have failed to respond to, much less rebut, defendant's argument (Def. Mo. 18-19) that this Court has authority to, and should, refuse without prejudice plaintiffs' third motion for partial summary judgment on the basis of a body of case law, cited in the Government's brief, supporting the principle that courts are allowed to decline to rule on issues of law at an early stage of the proceeding where there is some basis for thinking that after full development of the facts and resolution of other legal issues the issue of law presented in the motion might turn out to be moot. The Government's argument is particularly appropriate here because plaintiffs' third summary judgment motion relates to an alternative ground for adjustment set forth in the explanation portion of the notice of final partnership administrative adjustments. As with the first motion for partial summary judgment, it is not yet by any means certain that the Court will ever need reach this alternative partnership basis adjustment issue. Further, even if the Court does need to decide the alternative partnership basis issue, it is not clear that Code § 988 will have any bearing on that issue. Code § 988 deals with the recognition of gains and losses from certain foreign currency transactions. Basis in a partnership interest, however, is governed by Code §§ 722 and 752. Until the facts are fully developed with respect to all issues herein, it is impossible to determine whether the Court will need to decide the alternative partnership basis issue at all, let alone determine what legal principles might be dispositive with respect thereto. The Court, therefore, should refuse, without prejudice, plaintiffs' third motion for partial summary judgment.

CONCLUSION

For the reasons set forth in defendant's Rule 56(f) motion and in this reply brief, all three of plaintiffs' motions for partial summary judgment should be refused without prejudice, or not be considered until such time as discovery has been completed.

WHEREFORE, defendant prays that its motion be allowed and that the Court refuse these motions (without prejudice to re-submission) or, in the alternative, continue proceedings with respect thereto until after the completion of discovery, or grant such other relief as necessary to provide defendant with an adequate opportunity to respond thereto. Defendant requests that a hearing be held with respect to this motion.

Respectfully submitted,

GEORGE L. SQUIRES
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-307-6587
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief
WILLIAM K. DREW
Reviewer
MATTHEW C. HICKS
Trial Attorney

February 6, 2004

Of Counsel

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 6th day of February 2004, been made on opposing counsel and on the tax matters partner by mailing copies thereof, in postage prepaid envelopes, to the following address:

David D. Aughtry, Esquire
Chamberlain Hrdlicka White
Williams & Martin
191 Peachtree Street, N.E.
Ninth Floor
Atlanta, Georgia 30303

Sentinel Advisors, LLC
Tax Matters Partner
Jade Trading, LLC
68 Carman Avenue
Cedarhurst, New York 11516

Katie M. Sherno

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6440