ORIGINAL

14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, by and through ROBERT W. ERVIN AND LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner, | § | |
| Plaintiffs, | § | |
| v. | § | NO. 03-2164T |
| | § | JUDGE MARY ELLEN COSTER WILLIAMS |
| UNITED STATES OF AMERICA, by and through its agent, the INTERNAL REVENUE SERVICE, | § | |
| Defendant. | § | |

FILED
FEB 2 0 2004
U.S. COURT OF FEDERAL CLAIMS

PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S MOTION FOR RELIEF UNDER RCFC 56(f)

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S RCFC 56(f) MOTION

David D. Aughtry, Esq.
Linda S. Paine, Esq.
Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410

14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, by and through ROBERT W. ERVIN AND LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, by and through its agent, the INTERNAL REVENUE SERVICE,<br><br>Defendant. | § § § § § § § § § § § § § § § | NO. 03-2164T<br><br>JUDGE MARY ELLEN COSTER WILLIAMS |

**PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S MOTION FOR RELIEF UNDER RCFC 56(f)**

Plaintiffs filed three Motions for Partial Summary Judgment on December 18, 2003, which individually would narrow the issues in this case and collectively would dispose of the entire case. By way of response, Defendant filed a Motion for Relief under RCFC 56(f), claiming generally that it needed unspecified discovery for an indefinite number of years, but without satisfying any of the five (5) prerequisites for relief under RCFC 56(f). *See Theisen Vending Co., Inc. v. United States*, 58 Fed. Cl. 194, 198 (2003).

Plaintiffs hereby request the Court to set a hearing and allow oral argument on the insufficiency of Defendant's Motion. As further grounds for this Motion, Plaintiffs show unto the Court:

1. Defendant avoids altogether the dispositive precedent of this Court and the Federal Circuit relating to RCFC 56(f).

2. No partial summary judgment could ever be granted in any case on any point of law under Defendant's formulation. If partial summary judgment is precluded on *pending* points of law by the speculation that some fact "might turn up" on some issue that might be pled at some point in the indefinite future, then the RCFC 56 partial summary procedure does not exist. But it not only exists: Rule 56(a) and (c), the precedent of this Court, and the precedent of this Circuit require that progress now.

3. Defendant fails to lay the factual predicate for the need for discovery, since Defendant is in possession of **9,602 pages** of documents which are the fruits of almost a year's worth of pre-litigation discovery.

4. In the face of those 9,602 pages, Defendant wholly fails to identify with particularity ANY "essential" fact it seeks through discovery, much less why such facts would be "essential" to any one of Plaintiffs' three Motions.

5. None of Plaintiffs' three Motions present any genuinely disputed facts.

    a. The First Motion for Summary Partial Summary Judgment (whether or not Treas. Reg. § 1.701-2 is invalid) presents a pure question of law, with no issue of fact.

    b. Plaintiff's Second Motion proceeds on the foundation of three independently dispositive facts and Defendant does not appear to dispute any one of them. More importantly, Defendant crystallizes that Motion into a pure question of law over the controlling legal standard in the Federal Circuit.

c. As to the Third Motion for Partial Summary Judgment, Defendant seems to have dropped its sole question relating to the authenticity of the trading documents. Those documents are now doubly authenticated.

6. Defendant's generalized claim that discovery is needed is no more than asking for discovery for discovery's sake. Hoping that "something will turn up" is an insufficient basis for relief under RCFC 56(f). *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996).

7. The issues presented by Plaintiffs' three Motions for Partial Summary Judgment are pled, joined, and ripe for decision.

8. Plaintiffs believe that oral argument would of assistance to the Court in deciding whether or not Defendant has stated a basis for relief under RCFC 56(f).

9. Plaintiffs invite the attention of the Court to the authorities discussed in the accompanying Memorandum in Support.

FOR THE FOREGOING REASONS and those stated in the attached Memorandum, this Motion should be granted.

Respectfully submitted,

DAVID D. AUGHTRY
Georgia Bar No. 028010

s/Linda S. Paine
LINDA S. PAINE by express permission
Texas Bar No. 15414000

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

Dated: February 19, 2004

160061.3
002871-000000:2/19/2004

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, by and through ROBERT W. ERVIN AND LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner, | § | |
| Plaintiffs, | § | NO. 03-2164T |
| v. | § | |
| UNITED STATES OF AMERICA, by and through its agent, the INTERNAL REVENUE SERVICE, | § | JUDGE MARY ELLEN COSTER WILLIAMS |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S RCFC 56(f) MOTION**

Defendant's Rule 56(f) Motion is ripe for oral argument based on the five-part set of *"prerequisites"* for relief under RCFC 56(f) so recently stated by this Court. Defendant's Rule 56(f) Motion fails on all five prerequisites. Instead of meeting the requirements of that Rule, Defendant sought to deflect the Court's attention away from the inadequacies of its Motion by slurring Plaintiffs, by failing to disclose the almost year-long pre-litigation investigation into the facts of the case which resulted in the Defendant interviewing five witnesses and obtaining 9,602 pages of documents, and by implying that the issues raised by Plaintiffs' Motions for Partial Summary are somehow "not in the case."[1]

[1] Defendant's RCFC 56(f) Motion argues (at p. 16) that "defendant has neither asserted reliance on the anti-abuse rule nor decided whether it ultimately will rely on that regulation." Similarly, (at p. 20): "Like the issue of the validity of the anti-abuse rule (first motion for summary judgment), it is not yet clear that the Court will need to

1. The Prerequisites. As this Court recently held in *Theisen Vending Co., Inc. v. United States*, 58 Fed. Cl. 194, 198 (2003), a proper Motion for relief under Rule 56(f) -

> *must* by affidavit and supporting papers: (1) *specify the particular factual discovery* being sought, (2) explain how the results of the discovery are reasonably expected to engender a *genuine issue* of *material* fact, (3) provide an *adequate factual predicate* for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) *recite the efforts previously made* to obtain those facts, and (5) show good grounds for the failure to have discovered the *essential* facts sooner. (Emphasis added).

2. The Affidavit. Mr. Drew's Affidavit (the "Affidavit"), on which Defendant's RCFC 56(f) Motion is based, did not meet any of those "prerequisites." The Affidavit's first 10 paragraphs recite the history of the case, and do not address any requirement of RCFC 56(f). Paragraph 11 avers that no discovery has yet been conducted by Defendant. This paragraph is apparently designed to meet prerequisites 4 and 5 by implying that it cannot address the facts "essential" to any one of Plaintiffs' Motions, but DEFENDANT FAILS TO DISCLOSE THAT IT OBTAINED OVER 9,000 PAGES OF DOCUMENTS in pre-litigation discovery over almost a year. Even on reply, Defendant avoids ever addressing the affidavit authenticating the IRS' own written admissions regarding the extent of Defendant's pre-litigation discovery and thereby, contradicting Defendant's feigned ignorance of the essential facts. Thus, the vagueness and breadth of the Defendant's allegations of "no discovery" must be viewed in

---

address the § 988 issue . . . . Indeed, it is doubtful that § 988 even has any applicability to the alleged facts in the instant proceeding." That response invites resolution now.

light of the 9,602 pages to the contrary. Moreover, any information helpful to Defendant would undoubtedly have been discovered by the IRS and already be in Defendant's hands. If there were identifiable gaps in the records gathered by the IRS, Defendant was obligated under Rule 56(f) to identify them with specificity – rather than ignoring the existence of the 9,602 pages of discovery. Affidavit paragraphs 12 through 15 serve no purpose other than to prejudice Jade Trading by substituting pejoratives for pertinent facts and principles of law. Defendant compounds that prejudice by attacking unauthenticated hearsay in the form of self-serving IRS statements and articles relating to different transactions. With absolutely no factual predicate, the Affidavit (at p. 25) concludes that Defendant still needs discovery "in order to explore all facts and circumstances with respect to the involved transactions."

Nowhere does the Affidavit "specify the particular factual discovery" needed to controvert the (i) zero facts in issue in Plaintiffs' First Motion, (ii) the three material/essential/dispositive facts at issue in Plaintiffs' Second Motion, and (iii) the now conceded three material/essential/dispositive facts relating to Plaintiffs' Third Motion. In short, Defendant lays no foundation for relief under RCFC 56(f). *See Paalan v. United States*, 57 Fed. Cl. 15 (2003) ("A party requesting discovery under *Rule 56(f)* must state, by affidavit, 'explicit reasons why discovery is required in opposition to the motion for summary judgment.'... Mere assertions or conclusory allegations are insufficient. . . . Argument by counsel, unsupported by

affidavit, is similarly unavailing. . . .The party seeking discovery cannot 'simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, . . .'")

3. Plaintiffs' Motions. Plaintiffs' First Motion for Partial Summary Judgment raises a pure issue of law: whether or not Treas. Reg. § 1.701-2 is valid. Plaintiffs' Second Motion for Partial Summary Judgment raises three material facts, none of which is controvertible.[2] Plaintiffs' Third Motion for Partial Summary Judgment also raises three material facts, none of which is controverted.[3] Small wonder that Defendant did specify any particular facts it needed to refute those essential facts.

4. Defendant's Contention. Defendant avoids the Federal Circuit precedent directly on point, resorting instead to non-precedential Delaware cases for the proposition that it is entitled to discovery just because it hopes

---

[2] The three facts material to Plaintiffs' Second Motion are (a) Jade Trading, LLC (Jade) is a multiple member limited liability company that carried on a "business, financial operation, or venture" by, *inter alia,* investing in over 25 security trades (including foreign currency options, spot contracts, equities, etc.) on its own behalf and in its own name during the last three months of 1999; (b) Jade was formed for the purpose of engaging in "the equivalent of business activity" by, *inter alia,* investing substantially all of its assets in securities such as foreign currency derivatives, spot contracts, equities, etc.; and (c) by contract, Jade's five members shared jointly in its capital, profits, and losses.

[3] The three facts material to Plaintiffs' Third Motion are (a) Ervin Capital, LLC ("Ervin Capital") is a single member limited liability company owned by Robert W. Ervin ("Robert"); (b) Ervin Capital bought a call option in Eurodollars at a specified strike price; and (c) Ervin Capital sold a call option in Eurodollars at a different strike price. The first is proven by a Certificate of Formation from the Delaware Secretary and the last two are proven by the properly authenticated option confirmations. Defendant appears to have dropped its authenticity objection but, out of an abundance of caution, Plaintiff has provided a second authenticating affidavit to Defendant from the unrelated counterparty, AIG.

"something might turn up." Defendant's wistful thinking is not enough to support a claim for relief under RCFC 56(f). *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996). The fact that "*it is within the realm of possibility*" that discovery might turn up something "is not a sufficient basis to pursue additional discovery. . . ." *Leonardo v. United States*, 55 Fed. Cl. 344, 350 (2003) (*emphasis added*).

Rule 56(f) motions have been granted based on the absence of discovery only where movants in those cases met their burden of satisfying Rule 56(f) by relating their requests for discovery directly to the outstanding summary judgment motion. Where, as here, Defendant obtained numerous interviews and 9,602 pages of documents in extensive prelitigation discovery, Defendant's hands, Defendant has "failed to provide a factual predicate for discovery." *Theisen*, 58 Fed. Cl. at 199. The circumstances in this case are actually stronger than those in *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029 (5th Cir. 1983), upholding the denial of a Rule 56(f) motion where no discovery had taken place. As stated by this Court in *Theisen* (58 Fed. Cl. at 198):

> The court in *Kadair* pointed to the Supreme Court's decision in *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968), as calling for an examination of "the degree of specificity already offered by the charging party" in deciding whether that party was engaging in an unpermitted "fishing expedition." 694 F.2d at 1030. In the Fifth Circuit's view, a denial of additional discovery and a grant of summary judgment are appropriate "[w]here a plaintiff fails to produce any specific facts whatsoever to support" its discovery affidavit. *Id. See also Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984) ("Summary judgment need not be denied

merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint"); *Leonardo v. United States*, 55 Fed. Cl. 344, 350 (2003) (denying motion under Rule 56(f) due to lack of "a sufficient basis to pursue additional discovery," where plaintiff's alleged factual basis was merely "within the realm of possibility").

5. The issues are ripe for decision. The issues presented by Plaintiffs' Motions are pled, joined, and ripe for decision. Remarkably, Defendant argues (at p. 15) that "plaintiffs have not demonstrated that [Treas. Reg. § 1.701-2 or the two other questions of law are], at present, before the Court for decision." Since the legal issues presented by Plaintiffs' three Motions were taken directly from the Notice of Final Partnership Administrative Adjustment ("FPAA"), since the FPAA used those grounds as a basis of making the partnership adjustments that are the basis of this case, since Plaintiffs' complaint listed those grounds as "assignments of error" (Complaint, ¶ 14), and since Defendant admitted that those were indeed the basis of the FPAA (Answer, ¶ 14), how can those issues not be "in the case"? Indeed, without the three issues raised in the FPAA and addressed by Plaintiffs, there would be no case. *See* RCFC, Appendix F Rule 2(d) (Requiring "clear and concise statements of each and every error that the Complainant alleges to have been committed by the Commissioner in the Notice of Final Partnership Administrative Adjustment" and warning that issues not raised in the assignments of error in the complaint or amendment to the complaint "shall be deemed to be conceded"). Surely, Defendant cannot contend with a straight face that the FPAA, Complaint, and Answer in this case are meaningless. *See*

I.R.C. § 6226 (which makes issuance of an FPAA the jurisdictional basis for this partnership proceeding) and RCFC, Appendix F, Rule 1(c) ("The court does not have jurisdiction over a partnership action under this Appendix unless the following conditions are satisfied:... (A) the Commissioner of Internal Revenue (Commissioner) has issued a notice of final partnership administrative adjustment . . . .").

A hearing with oral argument is appropriate to address the inadequacies of Defendant's RCFC Motion and the novel idea that the questions raised by the FPAA and pleadings are somehow not before the Court.

Respectfully submitted,

DAVID D. AUGHTRY
Georgia Bar No. 028010

LINDA S. PAINE
Texas Bar No. 15414000

By express permission

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

Dated: February 19, 2004

160062.3
002871-000000:2/19/2004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S MOTION FOR RELIEF UNDER RCFC 56(f)** and **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR HEARING AND ORAL ARGUMENT ON DEFENDANT'S MOTION FOR RELIEF UNDER RCFC 56(f)** were sent via Federal Express on this 19th day of February, 2004, addressed to:

George L. Squires, Esq.
William K. Drew, Esq.
U.S. Department of Justice
Tax Division
Court of Federal Claims
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

Mr. Ari Bergmann
Sentinel Advisors, LLC
68 Carman Avenue
Cedarhurst, New York 11516

Robert W. Ervin and Laura Kavanaugh
Ervin Capital, LLC
Timothy W. Ervin and Vicki L. Ervin
Ervin Investments, LLC
Gary Ervin and Lisa A. Ervin
Ervin Holdings, LLC
450 Pryor Boulevard, P.O. Box 409
Sturgis, Kentucky 42459

Banque Safra – Luxembourg
c/o Jean-Luc Collot
10A Boulevard Joseph II, B.P. 887
Luxembourg, L-2018

David D. Aughtry