UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, et. al., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2164T |
| THE UNITED STATES, | ) | Judge Mary Ellen Coster Williams |
| Defendant. | ) | |

SENTINEL ADVISORS, LLC'S MOTION FOR RECONSIDERATION

Sentinel Advisors, LLC ("Sentinel") respectfully moves for reconsideration, pursuant to Rule 59 of the Rules of the United States Court of Federal Claims, of the Court's decision with respect to the imposition of a 20 percent accuracy-related penalty for negligence under 26 U.S.C. § 6662(b)(1) for the reasons stated as follows:

On December 21, 2007, the Court issued a decision in the above-captioned case that held, among other things, that the members of plaintiff, Jade Trading, LLC ("Jade Trading"), were liable for accuracy-related penalties under 26 U.S.C. § 6662(b)(1) attributable to negligence. The Court's decision to apply such penalty was premised on the determination that Sentinel and Ari Bergmann — as the managing member of Jade Trading — had acted unreasonably in facilitating a "spread options transaction" with Gary, Robert and Tim Ervin (the "Ervins"). Specifically, the Court found that "[a] reasonably prudent person with Bergmann's CPA background and tax experience would not have conducted himself as Bergmann did here in reporting such substantial tax losses from a fictional transaction." Slip. Op. at 70.

Sentinel is seeking this motion because in determining the applicability of the negligence and other penalties the Court (i) incorrectly found that Sentinel and Mr. Bergmann had "reported" substantial tax losses, (ii) inappropriately considered the actions of the partnership and its managing member, and (iii) misapplied the Tax Court's decision in Santa Monica Pictures, LLC v. Commissioner, T.C. Memo 2005-104.

Under Rule 59, "reconsideration may be granted to all or any of the parties on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable." The Court has broad discretion under Rule 59 to open the judgment, if one has been entered, and take additional testimony. Additionally, the Court may amend findings of fact and conclusions of law or make new findings and conclusions, and may direct the entry of a new judgment. To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact. See Franconia Assocs. v. United States, 44 Fed. Cl. 315, 316 (1999). The Court should grant the instant motion, which it should consider with "exceptional care," to prevent manifest injustice. See Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 310 (1999).

The Court correctly identifies the applicable legal standard for determining negligence: whether the taxpayer made a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a tax return. Slip. Op. at 68. In a TEFRA partnership proceeding the Court's focus would generally be on the actions of the managing member and the partnership entity because "partnership items" are typically reported on the partnership's tax return, such as the income, deductions and credits of the partnership.[1] However, in this case, the

[1] The Court recognized this when it noted that "[m]ore commonly, partnership items are 'items of income[,] gain, loss, deduction, or credit of the partnership.'" Slip. Op. at 50 (emphasis added).

"partnership item" in dispute is the Ervins' outside tax basis in their membership interests in Jade Trading — which amounts are not reported on Jade Trading's partnership tax return.[2] Consequently, the relevant "taxpayers" in this instance are the Ervins and the relevant "returns" are the individual income tax returns of the Ervins who, after careful consideration, determined their outside tax basis in conjunction with their own tax advisors, not based on any actions by Sentinel or Mr. Bergmann.[3]

Jade Trading's 1999 federal income tax partnership return properly reflected the income, deductions, and credits of Jade Trading, which partnership items flowed through to the members of the partnership — including Sentinel and the Ervins — as well as the amount and value of capital contributions by and distributions to such members. But such amounts, including Jade Trading's inside tax basis in its assets, are not in dispute in this case and, indeed, the defendant's party representative confirmed at trial that Sentinel filed an accurate partnership

---

2 As the Court noted, by reference to their outside tax basis in their membership interests in Jade Trading, each of the Ervins claimed an approximate tax basis of $15,000,000 from the spread options transactions on their 1999 and 2000 personal income tax returns. Slip. Op. at 65 n. 76.

3 As the record shows, in the instant case the Ervins (through their LLCs) obtained their outside tax basis in their partnership interests in Jade Trading when they contributed and assigned the options and cash to Jade Trading (see 26 U.S.C. § 722); Jade Trading subsequently purchased foreign currency and stock, thereby obtaining its inside basis in such assets (see 26 U.S.C. § 1012); the Ervins later redeemed their partnership interests in Jade Trading in exchange for the foreign currency and stock purchased by Jade Trading, thereby substituting their outside tax basis in such partnership interests as their basis in the foreign currency and stock (see 26 U.S.C. § 732(b)); and the Ervins then sold the foreign currency and stock for less than their substituted tax basis in such assets, claiming losses on their personal income tax returns (see 26 U.S.C. § 1001). As the Court quoted, the IRS's FPAA challenged the amount of the Ervins' outside tax basis in their interests in Jade Trading, stating that "any amount treated as an increase in outside basis from the contribution of euro currency options is disallowed." Slip Op. at 48 (emphasis added). In holding that the spread options transactions lacked economic substance, the Court concluded (Slip. Op. at 4) that "each LLC's adjusted basis [the outside basis reflected in the foreign currency and stock sold at a loss] must be reduced from some $15,000,000 to $225,002 . . . ."

tax return on behalf of Jade Trading.[4] See Pl. Req. Findings Nos. 17-20 (citing Tr. 1959-1960 and Jt. Ex. 63-65, 84).

Despite the fact that the Ervins' outside tax basis in Jade Trading was only reported by the Ervins, the Court applied the negligence penalty through the prism of Jade Trading and its managing member, Sentinel: "The applicability of the negligence penalty in this TEFRA proceeding depends upon the conduct of Jade, its managing member and tax matters partner, Sentinel, as well as the parties here — the Ervins." Slip. Op. at 68. But as stated above, the partnership tax return of Jade Trading did not contain any incorrect information about either its inside tax basis in its assets or its members' outside tax basis, and thus did not report "substantial tax losses from a fictional transaction." Slip. Op. at 70. Hence, the Court's focus on the conduct of Jade Trading is misplaced in this context.[5]

Because Sentinel did not report the Ervins' outside tax basis in Jade Trading or otherwise report any "substantial tax losses from a fictional transaction," it is tautological that Sentinel made a reasonable attempt to ascertain the correctness of the items on Jade Trading's 1999 partnership tax return. Thus, the record in this case does not support the Court's conclusion that the actions of Sentinel, Mr. Bergmann or Jade Trading are relevant to the Court's holding that the negligence penalty, or any other penalty, is applicable in this case.

---

[4] The only issue that the defendant pressed relating to the accuracy of Jade Trading's partnership tax return was the treatment of the Ervins as members, a fact that was established by admission. See Pl. Post-Tr. Br. at 21-23.

[5] In addition to mistakenly finding that Mr. Bergmann and Sentinel reported substantial tax losses from Jade Trading, the Court also added at page 70: "Nor does Sentinel's reliance on Curtis Mallet and BDO Seidman defeat the partnership's negligence penalty here." This finding is likewise inconsistent with the fact that neither Sentinel or Mr. Bergmann reported the Ervins' outside tax basis on Jade Trading's 1999 federal income tax return. Because there was no such reporting, there was no need for Sentinel and Mr. Bergmann to obtain advice from Curtis Mallet and/or BDO Seidman in this respect, and the record does not indicate that Sentinel sought any such advice.

The Court's holding of negligence appears to be based on the reasoning of the decision in Santa Monica Pictures, supra, where the Tax Court held that the actions of the managing member of the partnerships at issue in that case were indicative of the negligence of the partnerships with respect to disputed partnerships' losses reported by the partnerships themselves. However, in Santa Monica Pictures, the issue before the Tax Court was the determination of the **partnerships' inside tax basis** in the assets held by the partnerships, rather than the **members' outside tax basis** in their partnership interests.[6] The difference is critical because the inside tax basis in the partnership's assets is an item reported on the partnership's tax return and, in Santa Monica Pictures, resulted in the reporting of a substantial tax loss by the two partnerships at issue. In contrast, as explained above, a member's outside tax basis in a partnership interest is not reported on the partnership's tax return but instead is determined and reported by the individual members of the partnership on their individual tax returns. Cf. Long Term Capital Holdings v. United States, 330 F. Supp. 2d 122 (D. Conn. 2004), aff'd, 2005 U.S. App. LEXIS 20988 (2d Cir., Sept. 27, 2005) (imposing 20 percent negligence penalty as a result of overstatement of inside tax basis of assets in transaction determined to lack economic substance).

Unlike the facts in the present case, the claimed losses in Santa Monica Pictures were reported on the partnership returns of the two partnerships at issue, which tax benefits flowed through to the partners. In sustaining the determination of negligence in Santa Monica Pictures with respect to the tax losses reported on the partnerships' tax returns from

---

[6] In Santa Monica Pictures, a consortium of investors known as the Ackerman group formed a partnership, Santa Monica Pictures, LLP ("SMP"), which successfully acquired Santa Monica Holding Company ("SMHC") and thereby obtained approximately $1 billion in high-basis, low-value debt embedded in SMHC. Following the acquisition of the high-basis, low-value debt the Ackerman group began marketing the losses and resold the SMHC debt for prices below SMP's basis in the debt in multiple transactions. The Tax Court concluded that these transactions lacked economic substance and in its opinion imposed a 20 percent accuracy-related penalty for negligence on the partnerships at issue.

overstatements of inside tax basis, the Tax Court took into account the tax experience and knowledge of the managing member of the partnership, as quoted by the Court. Slip. Op. at 68-69. This, of course, made sense in the context of that case because the managing member of the partnerships in Santa Monica Pictures was responsible for determining the partnerships' inside tax basis in the partnerships' assets and for reporting the tax losses as a result of the disposition of the partnerships' assets.

Because Jade Trading did not report the Ervins' outside tax basis in the partnership, the actions of Sentinel and Mr. Bergmann, and the tax experience and knowledge of Mr. Bergmann, are not relevant to the determination of negligence with respect to the reporting or misreporting of outside tax basis by the Ervins. With that in mind, the record amply supports the conclusion that the negligence penalty should not apply in this case.[7]

The incorrect finding that Sentinel and Mr. Bergmann reported substantial tax losses as well as the misapplication of Santa Monica Pictures produces a manifest error of law that should be corrected by the Court. While Sentinel recognizes that such a correction alone might not change the Court's holding of the imposition of an accuracy-related penalty under 26 U.S.C. § 6662 due to the finding of a substantial understatement of tax and gross valuation overstatement

---

[7] In this respect, although the Court found to the contrary, it also seems appropriate for the Court to consider the reasonable cause defenses of the Ervins. Although Treas. Reg. § 301.6221-1 appears to suggest that partner-level defenses may not be raised in a partnership-level proceeding, in this case given that the partnership item at issue – the Ervins' outside tax basis – is only reported on the personal income tax returns of the partners, *there is no opportunity otherwise to present a partnership-level defense to the penalties*. If the Ervins' reporting on their personal income tax returns is the basis for penalties at the partnership level, then their diligence in trying to ascertain the correctness of that reporting is relevant to the applicability of those penalties. A partnership has no need to obtain legal or tax advice concerning outside tax basis because it is not an item reported on the partnership's tax return. Consequently, there was no need for Sentinel as the managing member to obtain that advice. Rather, it is up to the partners, who must report outside tax basis on their own returns, to obtain the legal and tax advice necessary to report such partnership items, which in fact the Ervins did as the record supports.

(unless the Court were willing to reconsider the issue raised in footnote 7, supra), nonetheless the correction may avoid a misapplication of the Court's holding in other partnership cases before this Court which may require the consideration of a negligence penalty.

The need for the Court to grant this motion is heightened because this case presents an issue of first impression before the Court. While previous cases, such as Santa Monica Pictures and Long Term Capital Holdings have considered whether an accuracy-related penalty for negligence is appropriately applied as a result of misstatements by a partnership of the inside tax basis in its assets, this case presents the original question of how to apply such negligence penalty where the partnership's tax return was admittedly correct and is not in dispute in the case.

Accordingly, we urge the Court to reconsider its holding with respect to the application of the negligence penalty to Jade Trading under 26 U.S.C. § 6662(b)(1). Therefore, Sentinel respectfully requests that the Court grant this motion for reconsideration.

RESPECTFULLY SUBMITTED.

s/ Mark D. Allison
Mark D. Allison
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dl.com

Felix B. Laughlin
John F. Collins

COUNSEL FOR SENTINEL ADVISORS, LLC

January 4, 2008