UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JADE TRADING, LLC, et. Al., | |
| Plaintiff, | |
| v. | No. 03-2164T |
| THE UNITED STATES, | Judge Mary Ellen Coster Williams |
| Defendant. | |

SENTINEL ADVISORS, LLC'S REPLY TO THE UNITED STATES' RESPONSE TO ITS MOTION TO PARTICIPATE

Sentinel Advisors, LLC ("Sentinel") respectfully submits this reply to the United States' response to Sentinel's motion to participate pursuant to Rule 4 of Appendix F of the Rules of the Court of Federal Claims, and states as follows:

1. The defendant's response to Sentinel's motion to participate misrepresents the legal standard applicable for a motion to participate in a TEFRA proceeding and is disingenuous in its reckless reference to alleged "facts" that are incorrect and not in the record in this case.

2. The authorities cited by the defendant with respect to a motion to intervene are not applicable in this case. Sentinel's motion to participate is not the same as a motion to intervene under Rule 24. Rather, Sentinel's motion is a motion to participate under Rule 4 of Appendix F -- a rule that is specific to TEFRA proceedings.

3. Rule 4 of Appendix F is independent of, and does not cross reference to, Rule 24. A motion to participate under Rule 4 of Appendix F derives from 26 U.S.C. § 6226(c) and (d) which provides that all partners in a partnership whose partnership items have not been converted to nonpartnership items are treated as parties to the TEFRA proceeding. As a result, Congress created a statutory right of such a partner to participate in a TEFRA proceeding. A

motion to participate is an absolute right of all partners of the partnership within the first 45 days after the notice of assignment; thereafter, such a motion is within the discretion of the Court to be granted if there is "sufficient cause." Rule 4 of Appendix F does not adopt the language of Rule 24 providing that the Court may consider whether the motion to intervene would cause undue delay or prejudice to the parties. Indeed, Rule 1(a) of Appendix F specifically provides that the general rules of the Court of Federal Claims only govern to the extent not addressed in Appendix F.

4. The fact that Sentinel did not file a complaint in this case or otherwise exercise its right to participate during the 45-day period in which it was granted the absolute right under Rule 4 of Appendix F is not relevant in determining whether Sentinel may elect to participate later in the process. Indeed, Rule 7 of Appendix F specifically anticipates one circumstance in which a party not electing to participate during the 45-day period after notice of assignment elects under Rule 4 of Appendix F to participate at the very end of the proceeding – namely, to challenge the defendant's motion for entry of decision following a settlement by another partner.

5. Sentinel, in fact, has successfully exercised its right to elect to participate at the very end of a TEFRA proceeding pursuant to Tax Court Rule 248 -- the Tax Court provision analogous to Rule 7 of Appendix F -- in a case captioned as <u>Oak Leaf Trading, LLC v. Commissioner</u>, Tax Court Dkt No. 1896-06. Sentinel's motion in that case was predicated only on Sentinel's disagreement with language in the entry of decision that Sentinel believed was prejudicial. Like this case, Sentinel had no financial motivation or other stake in the proceeding in <u>Oak Leaf Trading</u>. Nonetheless, the Tax Court granted Sentinel's motion without comment.

6. The fact that Sentinel was sitting "in the front row" during the trial and that its witnesses were defended by counsel throughout the course of this TEFRA proceeding is

irrelevant. What is relevant is whether Sentinel's interests are represented by the party that is participating and prosecuting this litigation -- the Ervins. Throughout the course of the proceeding, Sentinel determined that its interests were consistent with and fully represented by the Ervins and their counsel. However, after the Court issued its decision and Sentinel realized that the Ervins and their counsel would not be filing a motion for reconsideration, Sentinel elected to participate to protect its own interests.

7. Despite the defendant's assertions to the contrary, Sentinel is not electing to participate in order to protect its position in other cases. Sentinel is not a party in either K2 Trading Ventures, LLC v. United States or Asuma Trading Ventures, LLC v. Commissioner. Moreover, as the Court is fully aware, penalties are not meaningfully significant in the K2 Trading case, and thus avoiding penalties would not logically be the basis for this motion or the motion for reconsideration.

8. Sentinel's election to participate is simply to clarify the factual record as to a specific point concerning and directed at Sentinel and, with due deference and respect for the Court, to correct a legal conclusion that is based on a misapplication of the legal standard for negligence. The defendant's apparent preference to perpetuate an incorrect factual record and legal conclusion should not be accepted by the Court merely because the Ervins themselves chose not to file a motion for reconsideration. A factual and legal error is not an "inconsequential" event as the defendant would posit -- it is important to Sentinel and no doubt important to the Court.

9. The defendant's misguided efforts to sweep such potential errors under the rug are compounded by its recklessness in addressing the issues themselves. It is egregious and irresponsible of the defendant to assert that it is not going to respond to the motion for

reconsideration at this point, but then make unfounded statements of "fact" about losses reported by Mr. Bergmann that are neither true (as the Court is fully aware) nor in the factual record of this case. The defendant long ago lost its chance to consolidate the K2 Trading case with this case herein -- it cannot now try to introduce "facts" from that case or other cases in an attempt to create a new record that was not the basis of the Court's decision nor the subject of the motion for reconsideration.

10. Sentinel will file a separate reply to any response to its motion to participate filed by the plaintiffs.

Accordingly, Sentinel respectfully requests that the Court grant its motion to participate in this proceeding and further requests a hearing if appropriate.

RESPECTFULLY SUBMITTED.

s/ Mark D. Allison
Mark D. Allison
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dl.com

Felix B. Laughlin
John F. Collins

COUNSEL FOR SENTINEL ADVISORS, LLC

January 11, 2008