# In the United States Court of Federal Claims

**No. 03-2164T**
**(Filed: January 16, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * * *
**JADE TRADING, LLC, by and through, ROBERT W. ERVIN AND LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**
* * * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER CORRECTING CLERICAL MISTAKES

---

Pursuant to Rule 60(a) of the Rules of the United States Court of Federal Claims (RCFC), the Court sua sponte corrects two clerical mistakes in its Opinion filed on December 21, 2007. Jade Trading, LLC. v. United States, No. 03-2164T (Fed. Cl. Dec. 21, 2007). RCFC 60(a) permits the Court on its own initiative or on the motion of any party to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission . . . ." RCFC 60(a). Courts have "very wide latitude in correcting clerical mistakes in a judgment." Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987) (interpreting Federal Rule of Civil Procedure 60(a)); see also Patton v. Sec'y of the Dep't of Health & Human Servs., 25 F.3d 1021, 1025 n.4 (Fed. Cir. 1994) (explaining that Federal Rule of Civil Procedure 60 is a "virtual duplicate" of RCFC 60). The purpose of using Rule 60(a) to correct clerical mistakes is "to allow the judgment to 'speak the truth,' but not to substantially alter the rights of the parties thereto." Patton, 25 F.3d at 1029 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2854 (1973 & Supp. 1993)). A court "may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court, plus necessary implications." Blanton, 813 F.2d at 1577. "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." Id.

The clerical mistakes corrected by this order are not substantive in nature and do not alter the rights of the parties or change the holding of the Court's Opinion. The mistakes stem from the inadvertent miswording of two sentences in a 75-page opinion. These corrections reflect the actual

intent of the Court regarding the applicability of the negligence penalty and are consistent with the Court's findings of fact and determinations regarding the penalty reflected throughout the Opinion.

The Court corrects the following clerical mistakes in its Opinion. First, the Court inadvertently omitted words from the following sentence on page 70 of the Opinion:

> A reasonably prudent person with Bergmann's CPA background and tax experience would not have conducted himself as Bergmann did here in reporting such substantial tax losses from a fictional transaction.

Jade Trading, slip op. at 70. The corrected version of the sentence reads as follows:

> A reasonably prudent person with Bergmann's CPA background and tax experience would not have conducted himself as Bergmann did here in *promoting and facilitating the* reporting *of* such substantial tax losses from a fictional transaction.

(added words italicized). The Court corrects this clerical mistake to clarify that, according to the evidence of record, neither Sentinel nor Ari Bergmann themselves reported any taxable losses at issue in this action.[1]

Secondly, the Court corrects the following sentence on page 70: "Nor does Sentinel's reliance on Curtis Mallet and BDO Seidman defeat the partnership's negligence penalty here." Id. The corrected sentence reads: "Nor does *the Ervins'* reliance on Curtis Mallet and BDO Seidman defeat the partnership's negligence penalty here."[2] (added words italicized).

It is hereby ordered that the Court's Opinion of December 21, 2007, shall be issued as corrected herein.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[1] No findings of fact in the Opinion suggest that either Sentinel or Bergmann "reported" substantial tax losses. In fact, the record does not contain either Sentinel's or Bergmann's tax returns.

[2] The findings of fact in the Opinion do not suggest that Sentinel relied upon Curtis Mallet. As such, this corrected identification is consistent with the rest of the Opinion and reflects the intention of the Court.