IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2164 T

(Judge Mary Ellen Coster Williams)

JADE TRADING, LLC, by and through ROBERT W. ERVIN and LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner,

Plaintiffs

v.

THE UNITED STATES,

Defendant

**SURREPLY OF THE UNITED STATES TO REPLY OF SENTINEL ADVISORS, LLC IN SUPPORT OF ITS MOTION TO PARTICIPATE**

By leave of the Court granted during a telephone conference on January 18, 2008, the United States files this surreply to the reply filed by Sentinel Advisors, LLC ("Sentinel"), in response to the opposition of the United States to Sentinel's motion to participate. Contrary to Sentinel's assertion in their response brief and during the January 18 telephone conference with the Court, Sentinel does not have an absolute right to participate in this action after judgment was entered. Sentinel may participate only by leave of the Court at this juncture, and Sentinel has not presented "sufficient cause" for the Court to grant Sentinel's extremely late request to participate. Sentinel should not be permitted to participate in this case for the purpose of re-arguing a legal issue that has long been apparent in this case, and was already argued by counsel for the Ervins.

**ARGUMENT**

Sentinel contends that it has the right to elect to participate in this proceeding – even after a judgment has been entered – because it is a statutory party pursuant to §§ 6226(c) and (d). (Reply Brief at ¶ 3.) While § 6226(c)(2) provides that a court having jurisdiction over a partnership proceeding shall allow a partner treated as a party to participate in such action, § 6230(l) provides that an action brought under § 6226 (or any other provision of subchapter C) "shall be conducted in accordance with such rules of practice and procedure as may be prescribed by the Court in which the action is brought." Appendix F of the Rules of the United States Court of Federal Claims sets forth "special provisions that apply to actions . . . under Section 6226 . . . ." App. F, Rule 1(a).[1] Rule 4 of Appendix F addresses intervention and participation.[2] Specifically, Rule 4 provides an opportunity for the tax matters partner and other partners to elect to intervene or participate as of right within 45 days after the Notice of Assignment. App. F, Rules 4(a) and (b). Rule 4 also provides that the court "may grant leave to file a notice of election to intervene or a notice of election to participate out of time upon a showing of sufficient cause." App. F, Rule 4(c) (emphasis added).[3] Thus, because Sentinel is outside the initial 45-

[1]Appendix F to the Rules of the United States Court of Federal Claims "provides the procedural rules" for petitions for readjustment of partnership items, and "parallels the rules applicable to these cases in the United States Tax Court." *See* Rules Committee Note, 2002 Adoption.

[2]Tax Court Rule 245 is equivalent in all material respects to Rule 4 of Appendix F.

[3]Although RCFC 24(b) addresses permissive intervention by persons other than statutory parties, it is analogous to Rule 4(c) of Appendix F. Because both rules vest the court with discretion to determine whether, given the particular circumstances in a proceeding, an intervention is warranted, the caselaw addressing RCFC 24(b) is relevant to the analysis of this Appendix F, Rule 4(c) motion. The United States relies on caselaw addressing permissive intervention under RCFC 24(b) because we were not able to locate caselaw addressing permissive intervention under Appendix F, Rule 4(c).

day opportunity to elect to intervene as of right, Sentinel is required to demonstrate "sufficient cause" in order to intervene in this proceeding, and the Court is vested with discretion to disallow Sentinel's request absent a showing of "sufficient cause."[4]

The only cause identified by Sentinel for its late request to participate in this proceeding is that the Ervins did not elect to file a motion for reconsideration. (Reply Brief at ¶ 6.) Sentinel is seeking to participate in order to "clarify the factual record as to a specific point concerning and directed at Sentinel, and . . . to correct a legal conclusion that is based on a misapplication of the legal standard for negligence." (Reply Brief at ¶ 8.) Sentinel's first concern has been resolved by the Court's January 16, 2008, order correcting clerical mistakes. Sentinel's remaining concern is that the court "inappropriately considered the actions of the partnership and its managing member, and misapplied the Tax Court's decision in Santa Monica Pictures, LLC v. Commissioner, T.C. Memo 2005-104" in determining the applicability of the negligence penalty. (Sentinel's Motion for Reconsideration at p. 2.)

The issue of the applicability of the negligence penalty and the legal standard to be used has been apparent in this case from the outset (and has been known by Sentinel), and the parties have had many opportunities to address this issue. A summary of the most relevant documents is provided here:

- In the FPAA issued on April 15, 2003, the IRS imposed the 20-percent negligence penalty pursuant to § 6662(b). [Attachment to Complaint, Docket Entry No. 1.]

[4]Sentinel's citation to Rule 7 of Appendix F is inapposite. Rule 7 establishes a procedure for settlement agreements in TEFRA proceedings in this court. Subsection (b) of Rule 7 provides an opportunity for a party (as defined in §§ 6626(c) and (d)) to intervene if that party objects to the entry of decision pursuant to a settlement agreement. Rule 7 has no application in this proceeding where the Court has entered judgment following a decision on the merits.

- In the complaint filed on September 12, 2003, plaintiff stated: "Jade Trading filed its 1999 return in good faith with due and reasonable regard for the income tax rules and regulations, and in reliance on qualified tax professionals who were in possession of all pertinent facts when the return was filed and whom Jade and its partners believed when the experts opined that the position taken was more likely than not the correct position. The actions undertaken by Jade Trading and its partners meet and exceed the ordinary care protected by Code §§ 6662 and 6664 in complying with the income tax rules and regulations. Neither Jade Trading nor its partners were negligent; nor did they act with intentional disregard of the rules or regulations under Code § 6662." [Complaint ¶ 14(bm), Docket Entry No. 1.]

- On December 14, 2004, the United States filed a preliminary statement of contentions of fact and law, addressing the imposition of the negligence penalty (at pp. 17-18, 20). [Docket Entry No. 102.]

- On April 22, 2005, plaintiff filed its trial brief, discussing the applicability of penalties (at pp. 96-109). [Docket Entry No. 194.]

- On May 27, 2005, the United States filed a pretrial statement of contentions of fact and law, addressing the applicability of each of the penalties imposed by the IRS. [Docket Entry No. 253.]

- On November 10, 2005, the United States filed its post trial brief, addressing the legal definition of negligence and discussing the plaintiff's negligence at length (at pp. 74-81). [Docket Entry No. 320.] The discussion acknowledged (at p. 74) that: "The partnership items in this case relate to Jade's reporting of the Son of Boss transaction. In contrast, the Ervins' reporting of losses on their individual returns arising out of the Jade Son of Boss transaction is not a "partnership item" and is, therefore, not the subject of the negligence inquiry." The United States provided a detailed recitation of the conduct that warranted the imposition of the negligence penalty, including specific conduct by Sentinel (at pp. 76-81).

- In plaintiff's post trial briefs filed on November 10, 2005 (at p. 12), and December 2, 2005 (at p. 101, n.64), plaintiff contended that no penalty could apply at the partnership level because no partnership adjustments are at issue in this case. [Docket Entry Nos. 322 and 327.]

Sentinel was aware that issue of the applicability of the negligence penalty and the legal standard to be used was at issue in this case because Sentinel was served with copies of each of the documents listed above, as required by Rule 5 of Appendix F of this Court's rules. Sentinel

thus had the opportunity to review the participating parties' arguments on this issue. In addition, it stands to reason that Sentinel was aware of the precise issue it seeks to raise in its motion for reconsideration given that Sentinel knew that the FPAA imposed the negligence penalty at the partnership level, but the tax reporting at issue was done by partners other than Sentinel on their individual returns. Despite its awareness that this issue was present in this case, Sentinel did not elect to intervene at a time when it could have presented an argument for the Court to consider prior to making a decision. Indeed, Sentinel now states that "[t]hroughout the course of the proceeding, Sentinel determined that its interests were consistent with and fully represented by the Ervins and their counsel." (Reply Brief at ¶ 3.) Sentinel was content to rest on the arguments made by counsel for the Ervins, and only now that the Court has issued a decision rejecting the Ervins' arguments on the non-applicability of the negligence penalty does Sentinel seek to participate in order to re-argue the issue. This is not "sufficient cause," under Appendix F, Rule 4(c), for post-judgment intervention.[5] *See Belton Industries, Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993).

---

[5]In addition, Sentinel's disagreement with the Court's application of the legal standard on the negligence penalty is not a reason to grant a motion to reconsider under RCFC 59. If the Court grants Sentinel's motion to participate, the United States would welcome the opportunity to submit a brief explaining why plaintiff's motion to reconsider is procedurally defective and substantively wrong.

**CONCLUSION**

For all of the reasons discussed above and in our initial opposition to Sentinel's motion to participate, Sentinel's motion should be denied.

Respectfully submitted,

s/Stuart J. Bassin
STUART J. BASSIN
Attorney of Record for Defendant
Department of Justice
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6418
FAX (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
JENNIFER P. WILSON
Trial Attorney

s/David Gustafson
Of Counsel

January 25, 2008