IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, LLC, by and through ROBERT W. ERVIN AND LAURA KAVANAUGH ERVIN on behalf of ERVIN CAPITAL, LLC, Partners Other Than the Tax Matters Partner, | ) | |
| Plaintiffs, | ) | NO. 03-2164T |
| v. | ) | JUDGE MARY ELLEN COSTER WILLIAMS |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE OF THE UNITED STATES TO MOTION FOR RECONSIDERATION FILED BY SENTINEL ADVISORS, LLC**

On behalf of Ervin Capital, LLC, we offer the following observations as to the Government's Response to Sentinel Advisors, LLC's Motion for Reconsideration ("Government's Response"):

- This proceeding is for the limited purpose of considering Sentinel's Motion for Reconsideration ("Sentinel's Motion"). *See* Order dated January 30, 2008.
- Sentinel's Motion makes two points – first, a factual point that was addressed by the January 16, 2008 Order Correcting Clerical Mistakes ("January 16 Order") and second, an issue of law.
- The manner in which the January 16 Order corrected a factual point gives rise to the continuing asymmetry concern that we first expressed to the Court during the January 29, 2008 conference call.

- The Ervins' reasonable cause[1] should operate as an absolute defense at the partner-level regardless of the undisclosed conduct of the managing member, as confirmed by the plain meaning of:
    - Section 6662(a) and (d)(2) (penalty imposed upon tax "required to be shown on return");
    - Section 6664 ("No penalty shall be imposed under Section 6662 . . . if it is shown that there was reasonable cause for such portion [of understatement] and that the tax payer acted in good faith . . ."); and
    - Treas. Reg. § 301.6221-1T (c) and (d) (Section 6664 "reasonable cause" partner-level defense preserved for separate partner-level refund action).

Defendant appears to agree.

- To avoid any confusion or later reversals of position by Defendant, Ervin Capital respectfully requests that this Court add the following clarifying language (in *italics*) to its opinion at *Jade Trading, LLC v. United States*, 80 Fed.Cl. 11, 56 (2007):

> Nor does the Ervins' reliance on Curtis Mallet and BDO Seidman defeat the partnership's negligence penalty *at the partnership level, because their reasonable cause (including any good faith reliance on their traditional tax advisors) would operate in their partner-level refund proceeding to bar the imposition of penalties to them alone.*

- That modification is:
    - Consistent with the Government's statement that Section 6664(c) acts as an absolute bar to penalties imposed under Section 6662 ("III. THE REASONABLE CAUSE DEFENSE, IF PROVED, IS A DEFENSE TO THE

[1] As the Court will recall, it took great care to include extensive findings as to the Ervins' reliance upon their traditional tax advisors who reviewed the information supplied by Curtis Mallet, BDO Seidman, and Sentinel.

NEGLIGENCE PENALTY REGARDLESS OF THE CONDUCT CONSIDERED IN DETERMINING THAT THE NEGLIGENCE PENALTY IS APPLICABLE") (emphasis in original) (Government's Response, p. 14));

- Consistent with the Court's holding that the partner-level Section 6664 defenses must be presented in a separate partner-level refund proceeding (*Jade Trading, LLC,* 80 Fed.Cl. at 59); and
- Consistent with footnote 82 which appears to imply, if not overtly confirm, that the Ervins' good faith reliance upon the partner level bars all penalties ("While the Ervins also relied upon the advice of their long-time personal accountant and tax attorney… their reliance on professionals cannot save the partnership from the negligence penalty given Jade's managing member Sentinel's major role in the transaction" (emphasis in original)). *Id.* at 56.

- The legal issue raised by Sentinel's Motion is one of first impression and must ultimately be resolved by a court of appeal.
- Defendant's recent contention that Sentinel negligently treated the Ervin's as members of Jade defies his now conclusively established admission that they were members. *See* D. Supp. Resp. to Pl. RFA ¶¶23, 24.
- Finally, Ervin Capital, LLC filed a notice of appeal on February 25, 2008, and respectfully requests this Court to expedite the case to the Federal Circuit for ultimate resolution, thus minimizing post hoc reinterpretation of contentions and facts to the detriment of the Ervins.

Respectfully submitted,

s/ David D. Aughtry
DAVID D. AUGHTRY
Georgia Bar No. 028010

s/ Linda S. Paine
Linda S. Paine
Texas Bar No. 15414000

Chamberlain, Hrdlicka, White,
Williams & Martin
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852

COUNSEL FOR PLAINTIFFS

0274799.10
002871-000002:3/1/2008

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2008, I electronically filed the foregoing **RESPONSE TO MOTION FOR RECONSIDERATION FILED BY SENTINEL ADVISORS, LLC** to the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

Stuart J. Bassin, Esq.
U.S. Department of Justice
Tax Division
Court of Federal Claims
555 4th Street, NW, Room 8822
Washington, D.C. 20044

**and via Federal Express addressed to:**

Mark D. Allison, Esq.
Dewey & Leboeuf LLP
1301 Avenue of the Americas
New York, New York 10019-6092

Mr. Ari Bergmann
Sentinel Advisors, LLC
68 Carman Avenue
Cedarhurst, New York 11516

Robert W. Ervin and Laura Kavanaugh
Ervin Capital, LLC
450 Pryor Boulevard, P.O. Box 409
Sturgis, Kentucky 42459

Timothy W. Ervin and Vicki L. Ervin
Ervin Investments, LLC
450 Pryor Boulevard, P.O. Box 409
Sturgis, Kentucky 42459

Gary Ervin and Lisa A. Ervin
Ervin Holdings, LLC
450 Pryor Boulevard, P.O. Box 409
Sturgis, Kentucky 42459

Banque Safra - Luxembourg sa
c/o Michel Priester - Legal Dept.
10A Boulevard Joseph II, B.P. 887
Luxembourg, L-2018

s/ David D. Aughtry
David D. Aughtry