UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JADE TRADING, LLC, et. al., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2164T |
| THE UNITED STATES, | ) | Judge Mary Ellen Coster Williams |
| Defendant. | ) | |

SENTINEL ADVISORS, LLC'S REPLY TO THE UNITED STATES' RESPONSE TO ITS MOTION FOR RECONSIDERATION

Sentinel Advisors, LLC ("Sentinel") respectfully submits this reply to the United States' response ( the "Response") to Sentinel's motion for reconsideration filed pursuant to Rule 59 of the Rules of the United States Court of Federal Claims with respect to the Court's decision imposing a 20 percent accuracy-related penalty on Jade Trading, LLC ("Jade Trading") for negligence under 26 U.S.C. § 6662(b)(1), and states as follows:

The issue raised by Sentinel's motion is the extent to which the Court may impose an accuracy-related penalty, or any other penalty, in a TEFRA partnership-level proceeding. While 26 U.S.C. § 6221 provides that penalties with respect to partnership items are to be determined in a partnership-level proceeding, the statute does not provide clarity as to which taxpayer(s) may be the subject of such penalties -- the partnership or its partners -- and under what circumstances.

Unfortunately, none of the parties in this case properly considered or addressed this issue for the Court in pre- or post-trial briefing, thus leaving the Court with the misperception that the resolution of such issue was straight forward and mechanical. Indeed, this issue is complicated and the parties did not provide the Court with the requisite background and analysis to evaluate

the applicability of penalties in this TEFRA partnership-level proceeding. Moreover, there has been substantial case law developments in the TEFRA context in the more than two years since the trial in this case, much of which has not been briefed by the parties, but which authorities have shaped the landscape of many of the procedural and substantive rules that may be applicable to this case, including the application of penalties in a TEFRA proceeding.[1] Given the lengthy intervening time period between the trial and the Court's decision, it is appropriate for the Court to reconsider, under Rule 59, its decision with respect to the applicability of penalties in the context of a TEFRA partnership-level proceeding in order to avoid making a manifest error and committing a manifest injustice in the disposition of this issue.

The defendant's substantive response to Sentinel's motion is essentially two-fold: the Court properly determined a negligence penalty against the partnership because (i) Sentinel "facilitated" the "spread transaction," including the formation of Jade Trading, the booking of the spread options and the reporting of the Ervins as partners, and (ii) the factual distinctions between this case and Santa Monica Pictures are meaningless. Both arguments are baseless.

1. Section 6662 Requires the Court to Determine Penalties Based on the Taxpayer's Reporting on the Tax Return.

The relevant statute here is 26 U.S.C. § 6662, which provides that an accuracy-related penalty may be determined in certain circumstances -- for example, where negligence is found -- if the taxpayer has reported an understatement of tax. Thus, the statute informs us of two immediate principles that are relevant here. First, the statute requires that in order for an accuracy-related penalty to be applicable, an understatement of tax must exist. Second, the

---

[1] For example, as discussed below, since post-trial briefing in this case decisions have been issued in Nussdorf v. Commissioner, 129 T.C. 30 (2007), and CEMCO Investors, LLC v. United States, 2007 U.S. Dist. LEXIS 22246, *29-32 (D. Ill. 2007), both of which are relevant to the issues in this case.

relevant conduct in determining whether negligence or any other circumstance is present must be measured by the conduct of the taxpayer in reporting on a tax return, not the actions of other parties.

Putting aside the fact that partnerships do not pay tax in the first instance (a fact that does not appear to have bothered any of the courts that have considered such penalties previously), the logical inference from the penalty statute in a TEFRA partnership context is that the penalty can only apply if a determination is made with respect to "partnership items" reported by the partnership that, when flowing through to the partners, results (or could result) in an understatement of tax by such partners. If there are no adjustments to the partnership's tax return, there can be no penalty imposed against the partnership under 26 U.S.C. § 6662.

In this case, the Court has not determined any adjustments to the partnership's tax return. Indeed, the IRS agent who examined the partnership's tax return agreed that the return was accurate. The sole adjustment concluded by the Court was to the outside tax basis of the Ervins' interests in Jade Trading -- amounts that everyone acknowledges are not reported on the partnership's tax return. In this respect, Jade Trading cannot be subject to negligence penalties because no amounts on the partnership's tax return have been misreported.[2]

The defendant attempts to overcome this problem with a new theory. The defendant suggests that Sentinel misreported "partnership items" on the Jade Trading tax return by forming Jade Trading, booking the contributions of the spread options, and reporting the Ervins as partners in the partnership. This position, however, also fails to hold water. First, the defendant

---

[2] The Court has also clarified in its corrected opinion that Sentinel has not misreported any amounts on its tax returns. (Order Correcting Clerical Mistakes at 2.) As such, the Court's holding as to the imposition of a negligence penalty against Jade Trading is misleading because it incorrectly implies that the penalty relates to amounts reported by not only the partnership, but also by Sentinel and Banque Safra Luxembourg.

already has conceded that Jade Trading was a partnership for tax purposes, only disputing the Ervins' characterization as partners in such partnership. See Def. Final St'm't Cont., p. 40, no.23; Tr. 26-27, 34-35, 1977-78. Second, while the defendant challenged the efficacy of the contribution and assignment of the spread options to Jade Trading, the fact remains that the income, losses, deductions and credits reported by Jade Trading that resulted from the contributions of the Ervins to Jade Trading are not disputed and were agreed to by the IRS agent. See Def. Supp. Resp. to Pl. RFA 23, 24; Pl. Req. Findings Nos. 17-20 (citing Tr. 1959-1960 and Jt. Ex. 63-65, 84). Third, the defendant has conclusively admitted that the Ervins were members of Jade Trading and nowhere does the Court hold otherwise. See Def. Supp. Resp. to Pl. RFA 23, 24, 36; Stip. 30-34. Rather, the Court concludes that the "spread transaction" lacked economic substance, see Slip. Op. at 3-4, and, as such, the Ervins were not allowed losses reported on their tax returns as a result of the sale of assets received in distribution from Jade Trading (assets whose fair market value and inside basis as reported by the partnership are not in dispute). The Court's holding is that the Ervins' tax basis in the assets received from Jade Trading -- their outside tax basis in the partnership -- must be reduced from $15 million to approximately $225,000, see Slip. Op. at 4, a holding that can only be based on the conclusion that the Ervins were members of Jade Trading.

Moreover, even if the Court had concluded that the Ervins were not partners in Jade Trading, it is clear that the defendant has admitted that Sentinel and Banque Safra Luxembourg (as a nominee of other investors) were partners of Jade Trading. Further, insofar as the IRS agent agrees with the tax return filed by Jade Trading and there has been no challenge to the tax returns filed by either Sentinel or Banque Safra Luxembourg, it also follows that the allocations of income, losses, deductions and credits to Sentinel and Banque Safra Luxembourg were

accurately reported by such partners and by Jade Trading. It simply follows as a matter of logic then that Jade Trading's reporting of the amounts allocated to the Ervins, even if they were not partners of Jade Trading as a matter of law, was not negligent because there are no other persons to whom the tax attributes of Jade Trading could be allocated. The income, losses, deductions and credits of Jade Trading must follow the capital to which it relates -- in this case the amounts contributed by the Ervins. See Stip. 30-34. To determine otherwise would plainly contradict the capital account maintenance requirements of Treas. Reg. § 1.704-1(b).

Thus, it is apparent that Jade Trading accurately reported all amounts on its partnership tax return for 1999, and accordingly there are no partnership items that flowed from such return to the Ervins that could have resulted in a negligence penalty attributable to partnership items reported on Jade Trading's tax return. Instead, the only "adjustments" determined by the Court relate to the Ervins' outside tax basis in Jade Trading -- again, items that are not reported by Jade Trading. This is the critical factual and legal distinction between this case and cases such as Santa Monica Pictures v. Commissioner, T.C. Memo. 2005-104, Long Term Capital Holdings v. United States, 330 F. Supp. 2d 122 (D. Conn. 2004), aff'd, 2005 U.S. App. LEXIS 20988 (2d Cir., Sept. 27, 2005), and CEMCO Investors, LLC v. United States, 2007 U.S. Dist. LEXIS 22246, *29-32 (D. Ill. 2007). In each of these three cases -- apparently the only three post-1997, partnership-level TEFRA cases where penalties have been determined -- the courts held that accuracy-related penalties were applicable based on losses reported by the partnerships on their tax returns and properly considered the actions of the partnerships themselves in reaching its determinations.

The defendant attempts to shrug off this distinction as "meaningless" on the basis that the purported conduct of Sentinel contributed to the Ervins' misreporting of outside tax basis. See

Response at 13. While Sentinel strongly disagrees with the Court's factual conclusions in this regard, the penalty statute -- Section 6662 -- provides the relevant principle. Negligence is defined under 26 U.S.C. § 6662(c) as "any failure to make a reasonable attempt to comply with the provisions of this title." The question is whose failure to make a reasonable attempt to comply with the Internal Revenue Code is relevant here. See Response at 7. However, the regulations under 26 U.S.C. § 6662 emphasize that it is the actions and conduct of the "taxpayer" who prepares and files the tax return that must be considered, not those of other parties. The regulations provide several examples that are indicative of negligence -- each referring to the actions of the taxpayer who files the tax return. For example, Treasury Regulation §1.6662-3(b)(1)(ii) states that "negligence is strongly indicated where … [a] taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances." (Emphasis added.) Because the taxpayers that reported outside tax basis in this case were the Ervins, looking at the conduct of Sentinel -- or any other party for that matter -- does not aid in the analysis and is not consistent with the regulations.[3]

The defendant's position with respect to the application of the negligence penalty in a TEFRA partnership proceeding simply would lead to perverse results. Penalties under 26 U.S.C. § 6662 imposed on a partnership require the existence of an understatement of tax attributable to

[3] The legislative history of the 1997 changes to TEFRA likewise points out that the relevant conduct is that of the taxpayer. As quoted by the defendant, "[m]any penalties are based upon the conduct of the taxpayer. With respect to partnerships, the relevant conduct often occurs at the partnership level." H.R. Rep. No. 105-148, at 593-594 (1997). Indeed, if the partnership misreports an item on its tax return, as in Santa Monica Pictures, the relevant conduct is that of the partnership. However, Congress did not comment that the relevant conduct "always occurs" at the partnership level; only that it "often" occurs there. In a case like the one here where the relevant item is reported by the partners and not the partnership, the relevant conduct is that of the partners themselves.

the partnership items flowing out of the partnership tax return. To the extent of such understatement, examination of the conduct of the partnership and its managing member is entirely appropriate as the courts considered in Santa Monica Pictures, Long Term Capital and CEMCO. Where the partnership items are not reported on the partnership tax return but only on the tax returns of individual partners, it makes no sense as a matter of law or logic that the partnership could be subject to penalties for the reporting of such partnership items by individual partners.

2. The Discussion of the Negligence Penalty is Unnecessary in the Court's Opinion.

During the January 29, 2008 oral arguments on Sentinel's motion to participate (which the Court granted), the Court raised as a possible resolution the deletion altogether of the discussion of the negligence penalty from its opinion, based at least in part on the fact that the penalty is "academic," as defendant's counsel noted, due to the presence of the 40% gross valuation misstatement penalty. Sentinel believes that such a proposal is most logical under the circumstances. It provides for an expedient solution that otherwise would require significant drafting of new language for the Court's opinion and avoids muddying the procedural waters given the plaintiff's filing of the notice of appeal from the Court's decision. Also, such result should not prejudice either of the parties (or Sentinel) and, in essence, preserves this technical and complex issue for another day.

Accordingly, Sentinel respectfully requests that the Court grant its motion for reconsideration.

RESPECTFULLY SUBMITTED.

s/ Mark D. Allison

Mark D. Allison
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dl.com

Felix B. Laughlin
John F. Collins

COUNSEL FOR SENTINEL ADVISORS, LLC

March 3, 2008